IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

GREGORY McCAULEY                                               PETITIONER

v.                                                              No. 1:09cr98-MPM

UNITED STATES OF AMERICA                             RESPONDENT

**MEMORANDUM OPINION AND ORDER**

This matter comes before the court on the motion of Gregory McCauley to vacate, set aside, or correct his sentence under 28 U.S.C. §2255. The government has responded to the motion, and the matter is ripe for resolution.

**Facts and Procedural Posture**

On July 28, 2009, Petitioner McCauley was indicted for the distribution of child pornography (Count I) and the possession of child pornography (Count II). ECF doc. 1. On July 29, 2009, a superseding indictment charged McCauley with the sexual exploitation of a child (Counts I, II, III, IV, V, and VI), the distribution of child pornography (Count VII), and the possession of child pornography (Count VIII). ECF doc. 3. Pursuant to a guilty plea, McCauley was sentenced to serve a term of twenty-five (25) years (300 months) on Count I and 240 months on Count VII, to run concurrently with each other. ECF doc. 33. In addition, McCauley was sentenced to five (5) years of post-release supervision on each count to run concurrently, and to pay a $200 special assessment and $8,071 in restitution. *Id*. Further, Counts I and II of the original indictment and Counts II, III, IV, V, VI, and VIII of the superseding indictment were dismissed. *Id*. On June 29, 2015, McCauley filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C.A. §2255. ECF doc. 36.

## Scope of §2255 Review

There are four grounds upon which a federal prisoner may seek to vacate, set aside, or correct his sentence: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose the sentence; (3) that the sentence exceeds the statutory maximum sentence; or (4) that the sentence is "otherwise subject to collateral attack." 28 U.S.C. §2255; *see United States v. Cates*, 952 F.2d 149, 151 (5th Cir.1992). The scope of relief under §2255 is the same as that of a petition for a writ of habeas corpus. *Cates*, 952 F.2d at 151.

A defendant seeking relief under 28 U.S.C. § 2255 may not do so to raise issues that could have been raised on appeal. *United States v. Walling*, 982 F.2d 447, 448-449 (10th Cir. 1992). A petitioner may not raise constitutional issues for the first time on post-conviction collateral review unless he shows cause for failing to raise the issue on direct appeal and actual prejudice resulting from the error. *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992), *cert. denied*, 506 U.S. 1007 (1992); *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). The burden of showing "cause," an "objective factor external to the defense," rests with the petitioner. *McCleskey v. Zant*, 111 S.Ct. 1454, 1470 (1991). No other types of errors may be raised on collateral review unless the petitioner demonstrates that the error could not have been raised on direct appeal, and if not corrected, would result in a complete miscarriage of justice. *Pierce*, 959 F.2d at 1301; *Shaid*, 937 F.2d at 232. Further, if a claim is raised and considered on direct appeal, a defendant may not raise the issue in a later collateral attack. *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979).

## McCauley's §2255 Claims

In the instant §2255 petition, McCauley makes the following claims for relief, which the court has restated for clarity:

**Ground One:** Because child pornography does not constitute interstate commerce, the federal government did not have jurisdiction to prosecute McCauley.

**Ground Two:** Ineffective assistance of counsel for failing to object to illegal search and seizure of McCauley's cell phone.

**Ground Three:** The government committed a *Brady* violation in failing to provide full discovery.

**Ground Four:** Ineffective assistance of counsel for failure to adequately investigate due to insufficient discovery.

## Several Claims of Petitioner's Claims are Untimely

McCauley's Motion to Vacate under 28 U.S.C. §2255 is not timely with regard to the majority of Petitioner's claims. 28 U.S.C.A. §2255(f) provides for a one-year limitations period:

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

McCauley's plea was accepted on April 7, 2010, and a final judgment was entered on November 29, 2010. ECF docs. 28 and 33. McCauley did not appeal his convictions and sentences. When a criminal defendant chooses not to pursue a direct appeal of his conviction, that conviction "becomes final for purposes of § 2255 upon the expiration of the [14]-day period for filing a direct appeal." *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008). As such, McCauley's judgment of conviction became final on Monday, December 13, 2010 (November 29, 2010, plus 14 days). Therefore, McCauley's limitations period under 28 U.S.C. § 2255(f)(1) expired on Tuesday, December 13, 2011 (December 13, 2010, plus one year).

The majority of McCauley's claims for relief, Grounds One, Three, and Four, simply challenge his guilty plea and sentence. Although, McCauley alludes to newly discovered evidence in support of these allegations, Petitioner has not provided this Court with any evidence of such. Therefore, these allegations are untimely and, with regard to these allegations, the instant Motion to Vacate, Set Aside, or Correct Sentence must be dismissed as untimely filed.

**Ground Two:** **McCauley's attorney was not ineffective for failing to allege that Petitioner's cell phone was illegally searched pursuant to *Riley v. California*, 134 S.Ct. 2473 (2014).**

In Ground Two, McCauley alleges that, pursuant to *Riley v. California*, 134 S.Ct. 2473 (2014), the search of his cell phone was illegal. In *Riley*, *supra,* the Supreme Court held that

4

"officers must generally secure a warrant before conducting such a search [of a suspect's cell phone]." *Riley*, 134 S.Ct. 2473, 2485. In this case, which pre-dated *Riley, supra*, the record suggests that law enforcement officers conducted at least a preliminary search of McCauley's cell phone before obtaining a warrant. The "Affidavit in Support of Application for Search Warrant" attached to Petitioner's memorandum, states, "an initial review of text messages revealed an individual with the same name as the minor and used on the compact disc had been texting McCauley advising the FBI was looking for him." ECF doc. 37-1, pg. 2. The affiant then requested a search warrant for the phone, *inter alia*. *Id*. at 3. As such, McCauley asserts that his counsel was ineffective for failing to challenge the search of his cell phone.

Because *Riley, supra*, was decided on June 25, 2014, any challenge brought pursuant to *Riley*, was due in this Court on or before June 25, 2015. 28 U.S.C.A. §2255(f)(3). McCauley's *pro se* §2255 motion was signed on June 23, 2015. ECF doc. 36. As such, McCauley's allegation in Ground Two of his motion was timely filed and is ripe for review.

In this case, McCauley pled guilty to his crimes. During his change of plea hearing, McCauley stated that he was satisfied with counsel's advice and had not been coerced to plead guilty. ECF doc. 29, pg. 5. It was further explained, that McCauley was also facing state charges carrying terms of twenty (20) years to life and was working on a state court plea agreement to allow him to serve his state and federal time concurrently. *Id*. at 14. The evidence against McCauley was read into the record. *Id*. at 17. The government stated that the evidence would show that the Mississippi Attorney General's Office Cyber Crime Center discovered images of child pornography on peer to peer sharing software and those images were traced back to McCauley. *Id*. When the IP address was located, the investigators discovered CD-ROM disks

with writing on them "indicating [they] belonged to Gregory McCauley," and found that the computers and cameras used to produce the pornography belonged to McCauley. *Id*. at 18-19. Investigators found "several hundred images of child pornography, including several that had been manufactured by the defendant" on the CD-ROMS. *Id*. at 19. In addition, several images depicted McCauley having sexual intercourse with a 12 year old neighbor. *Id*. When presented with this evidence, McCauley admitted that the evidence was accurate and he had committed those acts. *Id*. at 20. As such, this Court found a factual basis for the guilty plea and McCauley pled guilty to Counts I and VII of the superseding indictment. *Id*.

To pass muster under the Constitution, a guilty plea must be both knowing and voluntary. *Harmason v. Smith*, 888 F.2d 1527, 1529 (5th Cir.1989). A guilty plea may therefore be invalid if induced by defense counsel's unkept promises. *Harmason*, 888 F.2d at 1529. However, generally speaking, a defendant may not refute his plea hearing testimony given under oath with statements made after conviction. *United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir.1985). "Solemn declarations in open court carry a strong presumption of verity," forming a "formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1628-29, 52 L.Ed.2d 136 (1977). Further, the Fifth Circuit has held:

> "A plea of guilty admits all the elements of a formal criminal charge and waives all non-jurisdictional defects in the proceedings leading to conviction." The plea waives claims of governmental misconduct during the investigation and improper motives for prosecution. *United States v. Owens*, 996 F.2d 59, 60 (5th Cir.1993). A guilty plea also eliminates objections to searches and seizures that violate the Fourth Amendment.

*United States v. Cothran*, 302 F.3d 279, 285–86 (5th Cir. 2002).

As such, to the extent that McCauley is claiming that the search of his cell phone impacted his decision to plead guilty, such a claim was waived by the entry of the guilty plea. Further, counsel cannot be deemed ineffective for failing to anticipate a Supreme Court ruling that would not be handed down for several more years. More importantly, McCauley cannot demonstrate that he was prejudiced by counsel's failure to challenge the search of his cell phone. The record is clear that there was ample evidence against McCauley, even without his cell phone, to make Petitioner's decision to plead guilty in this case reasonable. As such, McCauley's allegation in Ground Two lacks merit and is dismissed.

## CONCLUSION

As discussed above, McCauley's claims in Grounds One, Three, and Four, are untimely filed and his allegation in Ground Two lacks merit. Therefore, the instant motion to vacate, set aside, or correct McCauley's sentence will be denied. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this the 4th day of October, 2017.

**MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NOTHERN DISTRICT OF MISSISSIPPI**